*912 Nolan, P. J., Adel and Sneed, JJ., concur; Cars-well, J., concurs in the dismissal of the appeal from the resettled order, for reversal of the judgment, but dissents as to the dismissal of the complaint and votes for a new trial, on the ground that the verdict is against the weight of the evidence. Johnston, J., concurs in the dismissal of the appeal from the resettled order, for reversal of the judgment, but dissents as to the dismissal of the complaint and votes for a new trial, with the following memorandum: Under an agreement, dated October 17, 1946, certain shares of stock were assigned to defendant as collateral security for an indebtedness due to it. Under an agreement, dated November 19, 1946, the same shares of stock were assigned to plaintiffs as collateral security for an indebtedness due to them from the same debtors of defendant, subject to the rights of defendant in the stock. In this replevin action, plaintiffs allege that the indebtedness due to defendant, to secure which the stock was assigned as collateral, has been “ compromised, paid and discharged.” The jury having found that plaintiff proved that allegation, a judgment was entered directing defendant to deliver the stock to plaintiffs or, if the stock could not be delivered, that plaintiffs recover its value. This appeal is by defendant from the judgment and from the resettled order denying its motion to set aside the verdict and for direction of a verdict. The indebtedness due to defendant, to secure which the stock in question was assigned as collateral, arose by reason of advances by defendant on the security of accounts receivable and merchandise assigned to it by the debtors. An examination of defendant’s records in evidence shows that between September, 1944, when defendant began making advances to the debtors, and January, 1947, when the advances ended, there was assigned to defendant $1,019,242.98 in accounts receivable and approximately $100,000 in merchandise. Defendant made advances to the debtors on the basis of these accounts receivable and merchandise as collateral. Defendant’s records show that there was due to defendant by the debtors for all charges $970,272.33. Defendant’s records also show that $20,203.21 of the accounts receivable were uncollected. The merchandise assigned to defendant is being held in storage by defendant awaiting a propitious time to sell. Defendant’s records also show that the difference between the total accounts receivable assigned and the accounts receivable uncollected, or $999,039.77, was credited by defendant to the debtors. Since the total credits given by defendant exceed the total charges due to defendant, the indication is that defendant has been fully paid. By a paper purporting to be an “ analysis ” of defendant’s records introduced in evidence, which paper was handed up to this court for the first time in connection with defendant’s reply brief, and which paper was not introduced in evidence at the trial, defendant now claims that the credits of $999,039.77 included $121,576.85 in merchandise returned by customers of the debtors, the moneys due on this merchandise having created the accounts receivable in that sum previously assigned to defendant. The only returns of merchandise which defendant *913 proved at the trial amounted to $25,904.45. At no time during the trial did defendant claim that there were more returns than it actually introduced in evidence. Prom none of defendant’s records introduced in evidence can it be determined that the returns amounted to $121,576.85. The list of credits on the exhibits in evidence totaling $999,039.77 do not distinguish between what defendant now claims are collections and what defendant now claims are returns. If the only returns of merchandise were those introduced in evidence by defendant at the trial, plaintiffs were entitled to recover and the judgment should be affirmed. In my opinion, the only basis for a recommendation of reversal and dismissal is giving defendant the benefit of the $121,576.85 in returns shown on a paper not introduced in evidence, but handed up to this court for the first time and which plaintiffs have not had an opportunity to refute. Hence, I vote to reverse the judgment and to grant a new trial so defendant may have an opportunity to establish what it did not prove, to wit, that the returns actually amounted to $121,576.85.